# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:19-CR-00055-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **SUPPLEMENTAL ORDER** |
| FREDDIE JOSEPH MITCHELL, | |
| Defendant. | |

**THIS MATTER** is before the Court on its own motion, following defendant's recent motion to continue. On April 27, 2020 defense counsel filed a motion to continue the sentencing hearing for defendant scheduled for April 30, 2020. (Doc. No. 24) The Court denied the motion the same day by text order. The Court enters this Supplemental Order to address some, but certainly not all, of defense counsel's numerous erroneous assertions and misleading errors by omission.[1]

Contrary to defense counsel's statements in paragraphs 16 and 18 of his motion, this Court does not stand alone among the Charlotte Division Judges in holding what defense counsel considers "non-emergency" sentencing hearings.[2] Judge Conrad generally conducts four to five sentencing hearings every Tuesday and an indeterminate number on Fridays. Judge Cogburn similarly conducts sentencing hearings on Wednesdays in Charlotte. This Court conducts four to five sentencing hearings each Thursday. Hearings are prioritized based upon: (1) eligibility for,

---

[1] The Court expresses no opinion as to whether these misstatements were intentional or the result of misinformation.

[2] As will be addressed below, the Court disagrees with defense counsel's assumption as to what sentencing hearings are non-essential.

1

or the possibility of, a time-served sentence; (2) older cases; (3) cases requested by either party to be set; and, (4) other ripe cases.

Also contrary to defense counsel's misleading assertion, Judges Conrad, Cogburn, and this Court do not grant motions to continue sentencing hearings based on generalized motions to continue due to COVID-19. All Judges in this District, including this Court, have granted motions to continue sentencing hearings based upon particularized vulnerabilities of an attorney or defendant.[3][4]

In a twisted display of statutory interpretation, defense counsel asserts that the CARES Act "expresses a clear and unambiguous presumption" that hearings such as this defendant's sentencing will be delayed. (Doc. No. 24, at ¶ 21). To the contrary, the CARES Act <u>permits</u> but does not <u>presume</u>, much less <u>require</u>, the delay of hearings and/or the use of videoconferencing or telephone conferencing of hearings. A permissive statute is not reasonably read to presume an act. Defense counsel's motion also omits, and misleads thereby, the fact that due to technological limitations the Court cannot conduct video hearings into any of the county jails in which federal defendants are housed, and that the United States Marshal's Service opines that hearings in open court better address health concerns than virtual hearings in prisoner holding cells.

Defense counsel's recitations regarding local jails and the safety of prisoner transfers are also replete with inaccuracies and misleading statements. For instance, Mecklenburg County Jail does not have any confirmed COVID-19 cases among its inmates. The jail employs strict screening guidelines for all employees, on a daily basis, prior to entering any of its buildings. Most

---

[3] Not addressed by defense counsel, but worthy of mention, is the fact that Judge Reidinger of the Asheville Division also regularly conducts sentencing hearings and does not grant generalized motions to continue based on COVID-19.

[4] Defense counsel's inclusion of paragraph 19 is both gratuitous and curious, suggesting that the Court may "suffer the consequences" of death if it conducts sentencing hearings.

egregious, and irresponsible, is defense counsel's "inference" that the jail kitchen "has been shut down, likely due to COVID-19." (Doc. No. 24, at ¶ 36). In truth, an issue unrelated to COVID-19 required the kitchen to change from hot to cold meals for a few days. The jail is once again serving hot meals.

Finally, by way of example only, defense counsel incorrectly describes sanitation procedures in the courthouse holding area: "That cell will have held inmates from all of the jails used by the District Marshals within the prior several days, and will not have been disinfected." (Doc. No. 24, at ¶ 39). This is false. The holding cells in the Charlotte federal courthouse are cleaned and disinfected nightly in accordance with CDC standards. Furthermore, the interview room is cleaned between each interview.

Defense counsel's motion concludes with the opinion that "[t]here are no reasonable, articulable contrary concerns weighing in favor of holding the hearing in person at this time . . . ." (Doc. No. 24, at ¶ 52). During a sentencing hearing on April 23, 2020, in which that defendant was represented by defense counsel's supervisor, the Court described at length its reasons for continuing to hold sentencing hearings, as do nearly all the other Judges of this District. Surely defense counsel is aware of this Court's reasons, but the Court will restate them here.

Every criminal defendant before the Court is important and assuring the administration of justice as to each is essential. Every criminal defendant is entitled to dignity and the respect of the Court and the entire criminal justice system. In particular, this defendant has been in custody and held in local jails since February 17, 2019. He entered his guilty plea on December 3, 2019 and his Presentence Investigation Report was completed on February 14, 2020. While his advisory sentencing guidelines range is narrow (absent a departure or variance), the defendant is entitled to know his ultimate sentence without undue delay. It must be stressful for every criminal defendant

to wait for an imposition of his sentence. Needless delay should not be allowed to add to that stress.

Having a judgment filed in this defendant's case, or any defendant's case, will allow for his prompt relocation from a county jail to a federal prison once the Bureau of Prisons determines relocation to be safe. Without a filed judgment, the defendant will continue to linger in a county jail long after he otherwise would have.

The Court must not only consider whether this defendant's sentencing hearing is "essential," but also the effect unwarranted delays in sentencing hearings will have on the justice system as a whole. During April 2020, and scheduled into May 2020, this Court has been conducting four to five sentencing hearings each Thursday. By the end of May, approximately 35 to 40 defendants will have been sentenced with judgments entered and will now be eligible for relocation to federal prisons. Yet, defendants continue to be arrested, plead guilty, have Presentence Investigation Reports prepared, and become ripe for sentencing hearings. If the Court continued all sentencing hearings not deemed "essential" by defense counsel and his office until such unstated time as he judges appropriate, scores of defendants will be left awaiting sentencing. Such a backlog would require months to schedule,[5] leaving these defendants unnecessarily lingering in county jails. The impact on county jail capacities due to unnecessary delays in sentencings is something that must also be considered.

Notwithstanding these compelling reasons to hold this defendant's, and other defendants', sentencing hearings, this Court would not do so unless it were entirely satisfied that all participants

---

[5] By Court order, jury trials in this District have been postponed until at least June 2020. It is anticipated that this Court will have many criminal trials in the coming months, as will the other Judges of this District. Moreover, this District has more Judges than trial courtrooms. These circumstances present additional scheduling issues that would further delay sentencings of these defendants if their hearings are postponed.

4

Case 5:19-cr-00055-KDB-DCK   Document 25   Filed 04/29/20   Page 4 of 5

in the process are safe. There are no confirmed cases of COVID-19 in Mecklenburg County Jail. There have been no confirmed cases of COVID-19 among the Court staff, including defense attorneys.[6] Social distancing is required in the courtroom. Protocols allow counsel to be six feet from their clients while still being able to confer in confidence. Counsel tables and public gallery areas are sanitized between each hearing. As noted above, the prisoner holding cell is sanitized nightly to CDC standards and the interview room is cleaned between interviews. This Court regularly inquires of Court personnel (clerks, probation officers, court reporters, court security officers, United States Marshals, etc.) whether they have any concerns or fears about this Court holding sentencing hearings. None do.

The criminal justice system cannot and should not shut down over generalized concerns about COVID-19, particularly when prudent processes can and have been implemented to assure the health and safety of all participants. For these reasons the Court denied defense counsel's motion to continue defendant's sentencing hearing.

Signed: April 29, 2020

Kenneth D. Bell
United States District Judge

---

[6] Again, this Court has and, as appropriate, will continue sentencing hearings based on motions articulating particularized vulnerabilities to COVID-19. Motions such as this one, rambling for 20 pages about the general dangers of COVID-19, will not be granted.

5