IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:19-CR-00055-KDB-DCK-1

UNITED STATES OF AMERICA,

v.

FREDDIE JOSEPH MITCHELL,

Defendant.

ORDER

**THIS MATTER** is before the Court on Defendant Freddie Joseph Mitchell's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018. (Doc. No. 30). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will grant the motion and reduce Defendant's sentence to Time Served plus 14 days, with all other terms and conditions of the sentence remaining in full force and effect, except as described below.

In 2019, Defendant pled guilty to one count of possession with to distribute methamphetamine. (Doc. No. 15). He was sentenced to 120 months imprisonment plus five years of supervised release. (Doc. No. 26).

Defendant is a 30-year-old male serving his prison sentence at FCI Butner-Prison Camp in North Carolina. His current projected release date is February 12, 2027. Defendant bases his current motion on the need to care for his ailing mother who now lives alone and suffers from COPD, emphysema, sleep apnea, degenerated disc disease and diabetes. (Doc. No. 30, at 6 and Doc. No. 31, at 11). Letters from Defendant's mother and Defendant express the dire circumstances that she is in, living in a detached building on her property with no power, heat or

running water, and that she desperately needs a caregiver. (Doc. No. 31 at 7, 8, 11). Defendant's half-sister is currently in a drug rehabilitation center so is unable to care for Defendant's mother. *Id.* The Court agrees that Defendant's 55-year-old mother needs a caregiver.

On November 1, 2023, the Sentencing Commission's proposed amendment to § 1B1.13 came into effect. *See* Amendments to the Sentencing Guidelines, U.S.S.C., 8-11 https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last accessed Nov. 2, 2023). The new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release. *See* USSG § 1B1.13; *see United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). District courts are now advised to consider the medical circumstances of the defendant, the age of the defendant, family circumstances, whether the defendant is or has been a victim of abuse, or served an unusually long sentence. §§ 1B1.13(b)(1)-(4), (6). The new Guideline also states that district courts may consider any other set of circumstances which rises to the level of gravity of the factors enumerated in the Guideline. §1B1.13(b)(5). Therefore, the Court does find that Defendant's mother's health issues and lack of a caregiver is an "extraordinary and compelling" reason for a sentence reduction.

The Court has considered the § 3553(a) sentencing factors and finds that they support a reduction in his sentence to Time Served plus 14 days. Although Defendant had a prior incarceration for a drug charge, the Defendant is now 30 years-old and has spent the last 69 months in prison. The risk of recidivism appears low as he knows he is the only one who can look after his mother. United States Probation Office informs the Court that Defendant's rehabilitation while in the Bureau of Prisons is strong given the programming courses he has taken as well as the work assignments. Noteworthy is the fact that Defendant has not committed a single disciplinary

infraction while at USP Atlanta and currently at FCI Butner-Prison Camp. Defendant's record demonstrates that he has committed to his rehabilitation and should have a successful reintegration into society. Defendant will reside with a longtime friend, Matthew Williams, in Millers Creek, North Carolina, while he works and cares for his mother, Sherry Church, in Ferguson, North Carolina.

**IT IS, THEREFORE ORDERED**, Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)," (Doc. No. 30), is **GRANTED** and Defendant's sentence is reduced to Time Served plus 14 days.

**IT IS FURTHER ORDERED**, that, as an additional condition of supervised release, Defendant shall submit to home incarceration, with location monitoring technology, for a period of 12 months and comply with its requirements as directed. During this time, Defendant is restricted to his residence 24 hours a day except for work, for his and his mother's medical necessities and court appearances or other activities specifically approved by the Court. Defendant shall maintain a telephone at his residence without any "call forwarding," "Caller ID services," "call waiting/dial-up computer modems, 1-800 long distance call block, fax machine, voice over internet protocol (VOIP), burglar alarm or three-way calling service and pay for same. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to Defendant, the United States Attorney, the United States Probation Office and the United States Marshalls Service.

**SO ORDERED.**

Signed: March 25, 2024

Kenneth D. Bell
United States District Judge